UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

| | |
|---|---|
| In re: | Chapter 13 |
| Albert Zihenni, | Case No. 26-10829 (JPM) |
| Debtor. | |

**MEMORANDUM OPINION AND ORDER GRANTING CHAPTER 13 TRUSTEE'S MOTION TO DISMISS AND 60 E. 9TH ST. OWNERS CORP.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

## I. INTRODUCTION

On April 10, 2026, the Debtor filed a petition for Chapter 13 relief. Dkt. No. 1.[1]

On April 13, 2026, the Clerk of Court issued a deficiency notice, warning of dismissal by April 24, 2026 if the Debtor did not cure the deficiencies identified in the notice. Dkt. No. 2. On April 22, 2026, the Debtor requested "a 30-day extension to retain a bankruptcy attorney" to complete the required filings. Dkt. No. 10. On April 23, 2026 this Court granted an extension to June 1, 2026, further warning that failure to cure the deficiencies by that date could result in dismissal of the case. Dkt. No. 12. On June 1, 2026, the Debtor requested an additional 45-day extension. Dkt. No. 16. On June 2, 2026, this Court granted a further extension to cure the deficiencies by July 16, 2026. Dkt. No. 17.

On June 3, 2026, creditor 60 E. 9th St. Owners Corp. ("Co-Op") filed a motion for relief from the automatic stay ("Stay Relief Motion"), seeking to foreclosure on the Debtor's cooperative shares in the Co-op ("Shares"), and prospective relief from the automatic stay in any bankruptcy case filed by the Debtor within 180 days. Dkt. No. 18.

On June 29, 2026, the Chapter 13 Trustee filed a motion to dismiss ("Motion to Dismiss"), in part based on the outstanding filing deficiencies, and also arguing that the Debtor had not commenced plan payments, appeared for a 11 U.S.C. § 341 meeting of the creditors, or provided a federal income tax return. Dkt. No. 21.

On July 8, 2026, the Debtor purported to file the required, missing documents, Dkt. Nos. 22–34, and on July 15, 2026, the Debtor filed an opposition to the Motion to Dismiss ("Opposition

---

[1] All references to "Dkt. No." refer to the docket entries in this case.

to Motion to Dismiss"), arguing that the Debtor had cured the deficiencies and the case accordingly should not be dismissed. Dkt. No. 36.

The Court held a hearing on the Motion to Dismiss and Stay Relief Motion on July 16, 2026 ("Hearing").

After the Hearing and also on July 16, 2026, the Debtor filed an opposition to the Stay Relief Motion ("Stay Relief Opposition"), Dkt. No. 37, supported by a declaration ("Debtor's Declaration"), Dkt. No. 38.

On July 22, 2026, counsel Sean Sabeti appeared for the Debtor. Dkt. No. 40.

On July 23, 2026, the Chapter 13 Trustee submitted a report to update its Motion to Dismiss, stating that several of the Debtor's filings were blank or otherwise incomplete, still deficient and were not cured, and thus dismissal was still warranted. Dkt. No. 41.

On July 24, 2026, the Co-op submitted a reply to the Stay Relief Opposition ("Stay Relief Reply"). Dkt. No. 42.

## II. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1) and the Amended Standing Order of Reference dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## III. LEGAL ANALYSIS

### a. Motion to Dismiss

> [O]n request of a party in interest . . . and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause[.]

11 U.S.C. § 1307(c). Cause includes:

"(1) unreasonable delay by the debtor that is prejudicial to creditors; . . . (3)

> failure to file a plan timely under [11 U.S.C. § 1321]; (4) failure to commence making timely payments under [11 U.S.C. § 1326]; . . . (9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by [11 U.S.C. § 521(a)(1)][.]"

*Id.*

The Court GRANTS the Motion to Dismiss.

The Court agrees with the Chapter 13 Trustee that cause exists to dismiss the case, given unreasonable delay by the Debtor that is prejudicial to creditors, including the Debtor's failure to properly file the required documents in this case, first identified in the deficiency notice on April 13, 2026. For example, as argued by the Chapter 13 Trustee in the Motion to Dismiss, Dkt. Nos. 21, 41, the Debtor's schedules I and J for income and expenses respectively are substantially blank and incomplete, Dkt. Nos. 29, 34. This alone is cause to dismiss the case. 11 U.S.C. § 1307(c)(9); 11 U.S.C. § 521(a)(1)(B)(ii) ("The debtor shall . . . file . . . a schedule of current income and current expenditures"). Further, the plan purportedly filed by the Debtor is substantially deficient insofar as it does not provide for any plan payments, in any amount, for any proposed period of time. Dkt. No. 26. This furnishes further cause to dismiss. 11 U.S.C. § 1307(c)(3); 11 U.S.C. § 1321 ("The debtor shall file a plan."). Moreover, the Debtor has not commenced plan payments of any amount, and the case is now well past 30-days beyond his April 10, 2026 petition for relief. 11 U.S.C. § 1307(c)(4); 11 U.S.C. § 1326(a)(1) ("[T]he debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier[.]"); 11 U.S.C. § 3011(a), (b) ("A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter . . . . The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter."). The foregoing constitutes cause to dismiss the case.

**b. <u>Stay Relief Motion</u>**

11 U.S.C § 362(a) provides that a voluntary petition for relief:

> operates as a stay, applicable to all entities, of – (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; (4) any act to create, perfect, or enforce any lien against property of the estate; (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; [and] (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title[.]"

"The automatic stay operates to protect debtors by giving them temporary relief from creditors and protects creditors as a whole by avoiding a first-come first-served race to the debtor's assets." *Kommanditselskab Supertrans v. O.C.C. Shipping, Inc.*, 79 B.R. 534, 540 (S.D.N.Y. 1987). The Court, however, "shall grant relief from the stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest," or if "the debtor does not have an equity in such property; and . . . such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(1), (2). Moreover, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *Id.* § 105(a).

The Stay Relief Motion seeks relief pursuant to 11 U.S.C. § 362(d)(1) and (2), Dkt. No. 18 (Stay Relief Motion) at 9–18, as well as prospective relief from the automatic stay for any future bankruptcy filing of the Debtor within 180 days pursuant to 11 U.S.C. § 105(a), due to the Debtor's purported bad faith litigation in state court actions and the present bankruptcy case, Dkt. No. 18 (Stay Relief Motion) at 15–19.

The relief requested as to § 362(d)(1) and (2) is mooted by dismissal, as dismissal

terminates the protections afforded by the automatic stay. 11 U.S.C § 362(c)(2)(A),(B) ("[T]he stay of any other act under [11 U.S.C § 362(a)] continues until the earliest of—(A) the time the case is closed; (B) the time the case is dismissed[.]").

The request for 180 days of prospective relief from the automatic stay in any subsequent bankruptcy case filed by the Debtor pursuant to § 105(a) is GRANTED. *See, e.g., In re Corben*, 667 B.R. 791, 799–800 (Bankr. S.D.N.Y. 2025) ("[I]mposing limitations on the automatic stay as a sanction for bad faith filings . . . fall[s] squarely within the bankruptcy courts' broad powers to enter orders 'necessary or appropriate . . . to prevent an abuse of process.'" (quoting § 105(a))); *In re Ward*, 423 B.R. 22, 32–33 (Bankr. E.D.N.Y. 2010) (granting 180 days of prospective relief from the automatic stay pursuant to § 105(a) in any future bankruptcy case filed by the debtor, due to the debtor's efforts to "thwart" the creditor from obtaining possession of property).

The Stay Relief Motion argues that the Debtor's Chapter 13 petition, dated April 10, 2026, was a bad faith effort to delay foreclosure on the Shares, scheduled for April 13, 2026. Dkt. No. 18 (Stay Relief Motion) at 15. The Stay Relief Motion argues that the Debtor's bad faith, state court filings also delayed one prior foreclosure sale, noticed to take place in November 2025. *Id.* at 16–17. The Stay Relief Motion argues further that the Debtor has engaged in bad faith litigation in state court, and that he made misrepresentations in his petition for Chapter 13 relief. *Id.* at 15.

The Stay Relief Motion states that the Debtor's petition is "plainly fraudulent," as it lists the address of where the Debtor lives as "60 East 9th Street, Apartment 510, New York, NY," which, the Stay Relief Motion argues, is "patently false," as the Debtor does not live there, "various court orders" have barred him from living at that address, and because the Co-op

terminated his lease in 2023. *Id.* at 17. The Stay Relief Motion argues that the Debtor is "misrepresenting his place of residence to deceive this Court and give the false impression that he currently has physical possession" of the apartment at that address. *Id.* at 17–18.

The Debtor acknowledges that "the Debtor was required to vacate the apartment" in 2017, that he has been "unable to return" there, is "out of possession" of the apartment, and, as stated at the Hearing, that he does not currently live there. Dkt. No. 37 (Stay Relief Opposition) at 2, 13; *see also* Dkt. No. 38 (Debtor's Declaration) at ¶¶ 23, 55–56. The Debtor, however, states that his Chapter 13 petition was filed in good faith. Dkt. No. 37 (Stay Relief Opposition) at 17–18, 24–25. The Stay Relief Reply states that Debtor's counsel in a state court appellate proceeding conceded that the Debtor filed the Chapter 13 bankruptcy petition solely to delay foreclosure on the Sales. Dkt. No. 42 (Stay Relief Reply) at ¶¶ 33–34.

The Court finds that the totality of the circumstances demonstrates the Debtor's bad faith in filing the Chapter 13 petition, including the lack of filings made in the case despite multiple extensions, the failure to make plan payments of any kind, and the timing of the Chapter 13 petition relative to the then-impending foreclosure sale of the Shares. *In re Corben*, 667 B.R. at 799–800; *In re Ward*, 423 B.R. at 32–33.

## IV. CONCLUSION

The Motion to Dismiss is GRANTED.

The Stay Relief Motion is MOOT in part and GRANTED in part: the Co-op is GRANTED prospective relief under 11 U.S.C. § 105(a) from relief from any automatic stay imposed by any Debtor's future bankruptcy filings within 180 days of the entry of this order. The Debtor may move in any such subsequent case to reimpose the automatic stay upon a showing of good cause.

The 14-day stay pursuant to Federal Rule of Bankruptcy Procedure § 4001(a)(4) is hereby waived. Fed. R. Bankr. P. 4001(a)(4) ("*Unless the court orders otherwise*, an order granting a motion for relief from the automatic stay under [§ 362(d)] is stayed for 14 days after it is entered." (emphasis added)).

**IT IS SO ORDERED.**

Dated: August 19, 2026
New York, New York

/s/ John P. Mastando III
HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE